

**UNITED STATES DEPARTMENT OF EDUCATION**

OFFICE OF MANAGEMENT

Office of the Chief Privacy Officer

May 14, 2018

Mr. Tyler Kingkade
BuzzFeed News
111 E 18th Street
New York, NY  10003
Tyler.kingkade@buzzfeed.com

RE:  FOIA Request No. 18-01274-F

Dear Mr. Kingkade:

This letter is an interim response to your e-mail dated March 12, 2018 requesting information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Your request was forwarded to the following office to search for documents that may be responsive to your request: Office of Civil Rights (OCR).  You requested copies of and the opportunity to inspect records under the Freedom of Information Act.
I request copies of all letters sent to the schools/school districts listed below regarding the end or conclusion of Title IX investigations at their institutions. Please limit the search to letters sent between Feb. 1, 2018 and March 10, 2018:

Massachusetts College of Pharmacy & Health Science in Massachusetts;
Guildford College in North Carolina;
Union County in North Carolina;
University of Nevada-Las Vegas in Nevada;
Granite School District in Utah;
University of Richmond in Virginia;
Baraboo in Wisconsin;
Laramie County Community College in Wyoming.

Enclosed is an e-mail containing 20 pages of documents responsive to your request.  The documents provided are:

- OCR-CHI-18-01274-F

However, certain information has been withheld according to the FOIA exemption specified below:

- Records or Portions of records relating to personal information is exempt pursuant to 5 U.S.C. § 552(b)(6) of the FOIA.  Disclosure of this information would constitute a clearly unwarranted invasion of personal privacy.

400 MARYLAND AVE., S.W., WASHINGTON, DC 20202-4500
www.ed.gov
*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by
Fostering educational excellence and ensuring equal access.*

Exhibit C

Page 2 – Mr. Tyler Kingkade
FOIA No. 18-01274-F

- Personal information has been withheld under exemption (b)(7)(C) FOIA 5 U.S.C. §552(b)(7)(C).  Disclosure of this information would constitute a clearly unwarranted invasion of personal privacy.  Information withheld pursuant to this exemption includes complainant names and other identifying information.

At this time, the Department is continuing to process your request and your FOIA request case file remains open.  It will not close until the Department provides you with a response regarding outstanding responsive documents from OCR.  Our final release letter will contain information related to your appeal rights of agency decisions.

If you have any questions, please contact me at (202) 401-8365, or you may send an e-mail to EDFOIAManager@ed.gov.

Sincerely,

Christie D. Swafford
Government Information Specialist, OM/OCPO

400 MARYLAND AVE., S.W., WASHINGTON, DC 20202-4500
www.ed.gov
*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by
Fostering educational excellence and ensuring equal access.*



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS

500 WEST MADISON ST., SUITE 1475
CHICAGO, IL 60661-4544

REGION V
ILLINOIS
INDIANA
IOWA
MINNESOTA
NORTH DAKOTA
WISCONSIN

February 28, 2018

Dr. Lori Mueller
Superintendent
Baraboo School District
423 Linn Street
Baraboo, Wisconsin 53913

OCR Case No. 05-17-1360

Dear Dr. Mueller:

On June 20, 2017, the U.S. Department of Education (Department), Office for Civil Rights
(OCR), received the above-referenced complaint against the Baraboo School District (District).
On November 9, 2017, OCR notified the District that OCR was opening for investigation the
complaint allegation that the District discriminated against an (b)(6),(b)(7)(C) (Student
A) based on sex when the District failed to respond promptly and appropriately to (b)(6),(b)(7)(C)
reports of sexual misconduct by another (b)(6),(b)(7)(C) student (Student B), thereby creating
a hostile environment for Student A through the remainder of the (b)(6),(b)(7)(C) school year.

OCR is responsible for enforcing Title IX of the Education Amendments of 1972 (Title IX), 20
U.S.C. §§ 1681–1688, and Title IX's implementing regulation, 34 C.F.R. Part 106. Title IX
prohibits discrimination on the basis of sex in any education program or activity operated by a
recipient of Federal financial assistance from the Department. As a recipient of Federal financial
assistance from the Department, the District is subject to the requirements of Title IX.

During its investigation, OCR reviewed documents provided by the Complainant and the
District, and interviewed the Complainant and District staff. Prior to the conclusion of OCR's
investigation, the District expressed interest in resolving the complaint in accordance with
Section 302 of OCR's *Case Processing Manual* (CPM). The District signed the enclosed
Resolution Agreement and submitted it to OCR on February 16, 2018, which when fully
implemented will resolve the issue raised in the complaint.

**Applicable Legal Standards**

Title IX prohibits discrimination on the basis of sex in education programs or activities operated
by recipients of Federal financial assistance. The Title IX implementing regulation at 34 C.F.R. §
106.31(a), states that no person shall, on the basis of sex, be excluded from participation in, be
denied the benefits of, or be subjected to discrimination under any educational program or
activity operated by a recipient of Federal financial assistance.

The Department of Education's mission is to promote student achievement and preparation for global competitiveness
by fostering educational excellence and ensuring equal access.

www.ed.gov

Page 2 – Dr. Mueller
OCR Case No. 05-17-1360

*Hostile Environment Created by Sexual Harassment*

Sexual harassment that creates a hostile environment is a form of sex discrimination prohibited by Title IX. Sexual harassment is unwelcome conduct of a sexual nature, regardless of the sex of the student. Sexual harassment can include unwelcome sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature. Sexual harassment of a student creates a hostile environment if the conduct is so severe, persistent, or pervasive that it denies or limits a student's ability to participate in or benefit from the recipient's program or activities.

OCR considers a variety of related factors to determine if a sexually hostile environment has been created and considers the conduct in question from both an objective and a subjective perspective. Factors examined include the degree to which the misconduct affected one or more students' education; the type, frequency, and duration of the conduct; the identity of and relationship between the alleged harasser and the subject or subjects of the harassment; the number of individuals involved; the age of the alleged harasser and the subject of the harassment; the size of the school, location of the incidents, and context in which they occurred; and other incidents at the school. The more severe the conduct, the less the need to show a repetitive series of incidents.

*Recipient's Responsibility to Prevent and Address Harassment*

The Title IX regulations establish the following procedural requirements that are important for the prevention or correction of sex discrimination, including sexual harassment.

- *Publish Notice of Nondiscrimination*

The regulation implementing Title IX, at 34 C.F.R. § 106.9, requires a recipient to implement specific and continuing steps to notify all applicants for admission and employment, students and parents, employees, sources of referral of applicants for admission and employment, and all unions or professional organizations holding collective bargaining or professional agreements with the recipient that it does not discriminate on the basis of sex in its educational programs or activities, and that it is required by Title IX not to discriminate in such a manner. The notice must also state that questions regarding Title IX may be referred to the recipient's Title IX Coordinator or to OCR.

- *Designate Title IX Coordinator*

The Title IX regulation, at 34 C.F.R. § 106.8(a), requires that a recipient designate at least one employee to coordinate its responsibilities to comply with and carry out its responsibilities under that law. The Title IX Coordinator must have knowledge of the requirements of Title IX and of the recipient's own policies and procedures on sex discrimination. Further, the recipient is required by the Title IX implementing regulation, at 34 C.F.R. § 106.8(a), to notify all students

Page 3 – Dr. Mueller
OCR Case No. 05-17-1360

and employees of the name (or title), office address, email address, and telephone number of the
designated employee(s).

- *Respond When Know or Should Have Known*

A recipient has notice of harassment based on sex if a responsible employee actually knew or, in
the exercise of reasonable care, should have known about the harassment. A responsible
employee would include any employee who has the authority to take action to redress the
harassment or who has the duty to report to appropriate officials sexual harassment or any other
misconduct by students or employees, or an individual who a student could reasonably believe
has this authority or responsibility. Accordingly, recipients need to ensure that employees are
trained so that those with authority to address harassment know how to respond appropriately and
other responsible employees know that they are obligated to report harassment to appropriate
school officials. Training for employees should include practical information about how to
identify harassment and, as applicable, the person to whom it should be reported.

Once a recipient knows or reasonably should know of possible sexual harassment, it must take
immediate and appropriate action to investigate or otherwise determine what occurred. If an
investigation or other inquiry reveals that sexual harassment created a hostile environment, a
recipient must take prompt and effective steps reasonably calculated to end the harassment,
eliminate any hostile environment if one has been created, prevent the harassment from recurring
and, as appropriate, remedy its effects. These duties are a recipient's responsibility regardless of
whether or not the student who was harassed makes a complaint or otherwise asked the recipient
to take action. If, upon notice, a recipient fails to take prompt and effective corrective action, the
recipient's own failure has permitted the student to be subjected to a hostile environment. If so,
the recipient will be required to take corrective actions to stop the harassment, prevent its
recurrence, and remedy the effects on the student that could reasonably have been prevented had
the recipient responded promptly and effectively.

In situations where reported sexual harassment may constitute a criminal act, a recipient should
notify a complainant[1] of the right to file a criminal complaint with local law enforcement, and
should not dissuade a complainant from doing so either during or after the recipient's internal
Title IX investigation. Additionally, recipients must take immediate steps to protect the
complainant and allow continued access to the recipient's programs and activities. A law
enforcement investigation does not relieve the recipient of its independent Title IX obligation to
investigate and/or otherwise respond to the conduct.

- *Harassment by Other Students*

The nature of the school's responsibility to address harassment based on sex depends, in part, on
the identity of the harasser and the context in which the harassment occurred.

---

[1] The term "complainant" as used throughout this section refers to an individual who is the subject of alleged sexual
violence or other types of sexual harassment.

Page 4 – Dr. Mueller
OCR Case No. 05-17-1360

If a student sexually harasses another student and the harassing conduct is sufficiently serious to deny or limit the student's ability to participate in or benefit from the program, and if the school knows or should reasonably should know about the harassment, the school is responsible for taking immediate and effective action to eliminate the hostile environment and prevent its recurrence. If the school, upon notice of the harassment, responds by taking prompt and effective action to end the harassment and prevent its recurrence, the school has carried out its responsibilities under Title IX. If the school fails to take prompt, effective action, the schools' own inaction has permitted the student to be subjected to a hostile environment that denies or limits the student's ability to participate in or benefit from the school's program on the basis of sex. In that case, the school must take effective correction actions to stop the harassment, prevent its recurrence, and remedy the effects on the victim that could reasonably have been prevented had it responded promptly and effectively.

- *Offer Interim Measures*

It may be appropriate for a recipient to take interim measures during the investigation of a complaint. In fairly assessing the need for a party to receive interim measures, a recipient may not rely on fixed rules or operating assumptions that favor one party over another, nor may a recipient make such measures available only to one party. Interim measures should be individualized and appropriate based on the information gathered by the Title IX Coordinator, making every effort to avoid depriving any student of her or his education. The measures needed by each student may change over time, and the Title IX Coordinator should communicate with each student throughout the investigation to ensure that any interim measures are necessary and effective based on the students' evolving needs.

- *Adopt, Publish and Implement Grievance Procedures*

The Title IX regulation, at 34 C.F.R. § 106.8(b), requires recipients to adopt and publish grievance procedures providing for the prompt and equitable resolution of complaints alleging any action that would be prohibited by Title IX, including sexual harassment. The procedures for addressing and resolving complaints of sexual harassment should be written in language that is easily understood, should be easily located, and should be widely distributed.

Title IX does not require a recipient to provide separate grievance procedures for sexual misconduct and other types of sexual harassment complaints. A recipient may use student disciplinary or other separate procedures for these complaints; however, any procedures used to resolve complaints of sexual harassment, including disciplinary proceedings, must afford both parties a prompt and equitable resolution.

OCR has identified a number of elements in evaluating whether a recipient's grievance procedures are prompt and equitable, including whether the recipient: (i) provides notice to students and employees of the procedures, including where complaints may be filed; (ii) applies the procedures to complaints alleging discrimination carried out by other students, employees or third parties; (iii) ensures an adequate, reliable, and impartial investigation of complaints,

Page 5 – Dr. Mueller
OCR Case No. 05-17-1360

including the opportunity for both the complainant and the respondent to present witnesses and other evidence; (iv) designates and follows a reasonably prompt timeframe for major stages of the complaint process; (v) notifies the parties of the outcome of the complaint[2]; and (vi) provides assurance that the recipient will take steps to prevent recurrence of sex discrimination found to have occurred and to remedy its discriminatory effects, as appropriate.

There is no fixed time frame under which a recipient must complete a Title IX investigation. OCR will evaluate a school's good faith effort to conduct a fair, impartial investigation in a timely manner designed to provide all parties with resolution.

Recipients should provide training to employees about the applicable grievance procedures and their implementation. All persons involved in implementing a recipient's grievance procedures (*e.g.,* Title IX coordinators, investigators and adjudicators) must have training in handling complaints of sexual harassment, and in the recipient's grievance procedures, as well as applicable confidentiality requirements.

An equitable investigation of a Title IX complaint requires a trained investigator to analyze and document the available evidence to support reliable decisions, objectively evaluate the credibility of parties and witnesses, synthesize all available evidence—including both inculpatory and exculpatory evidence—and take into account the unique and complex circumstances of each case. In addition, a recipient should ensure that all designated employees have adequate training as to what conduct constitutes sexual harassment and are able to explain how the grievance procedure operates.

Once it decides to open an investigation that may lead to disciplinary action against the responding party, a recipient should provide written notice to the responding party of the allegations constituting a potential violation of the school's Title IX policy, including sufficient details and with sufficient time to prepare a response before any initial interview. Sufficient details include the identities of the parties involved, the specific section of the code of conduct allegedly violated, the precise conduct allegedly constituting the potential violation, and the date and location of the alleged incident. Each party should receive written notice in advance of any interview or hearing with sufficient time to prepare for meaningful participation. The investigation should result in a written report summarizing the relevant exculpatory and inculpatory evidence. The investigator(s), or separate decision-maker(s), with or without a hearing, must make findings of fact and conclusions as to whether the facts support a finding of responsibility for violation of the recipient's nondiscrimination policy.

---

[2] The Family Educational Rights and Privacy Act (FERPA) does not prohibit a student from learning the outcome of his or her complaint, *i.e.* whether the complaint was found to be credible and whether harassment was found to have occurred. It is the Department's current position under FERPA that a school cannot release information to a complainant regarding disciplinary action imposed on a student found guilty of harassment if that information is contained in a student's education record unless — (1) the information directly relates to the complainant (*e.g.*, an order requiring the student harasser not to have contact with the complainant); or (2) the harassment involves a crime of violence or a sex offense in a postsecondary institution.

Page 6 – Dr. Mueller
OCR Case No. 05-17-1360

Recipients are cautioned to avoid conflicts of interest and biases in the adjudicatory process and to prevent institutional interests from interfering with the impartiality of the adjudication. Decision-making techniques or approaches that apply sex stereotypes or generalizations may violate Title IX and should be avoided so that the adjudication proceeds objectively and impartially.

## District Policies and Procedures

- *Nondiscrimination Notice and Designation of Title IX Coordinator*

The District's Nondiscrimination Notice is available online.[3] The Notice can be accessed by clicking a link in a banner located at the bottom of the District's webpages. The District's Nondiscrimination Notice states that the District does not discriminate on the basis of sex, among other bases, in its education programs or activities. The Nondiscrimination Notice does not specifically state that it is required by Title IX not to discriminate on the basis of sex in its educational programs or activities. The District has designated the Director of Student Services as its Title IX Coordinator.[4] The Nondiscrimination Notice provides the Title IX Coordinator's title, address, telephone number and email address. The Nondiscrimination Notice does not state specifically that questions regarding Title IX may be referred to the Title IX Coordinator or to OCR.

- *Grievance Procedure*

The District identified several School Board Policies related to nondiscrimination on the basis of sex, including sexual harassment, sexual misconduct, and sexual assault: School Board Policy 411 (Equal Educational Opportunities), School Board Policy 411-Rule (Student Discrimination Complaint Procedures), School Board Policy 512 (Harassment and Bullying), and School Board Policy 512.1 (Sexual Harassment). The School Board Policies are located on the District's website.[5]

School Board Policy 411: *Equal Educational Opportunities* includes a statement that "all individuals have the right to a safe, physical, emotional and social environment where responsibility and respect are demonstrated daily." Board Policy 411 further states, "the right of the student to be admitted to school and to participate fully in curricular, extracurricular, student services, recreational or other programs or activities shall not be abridged or impaired because of a student's sex …." This policy states that complaints regarding the interpretation or application of this policy shall be referred to the Director of Student Services or his/her designee and processed in accordance with established procedures.

---

[3] http://www.baraboo.k12.wi.us/nondiscriminiation.cfm.
[4] The District's designated Title IX Coordinator at the time of the alleged discrimination resigned her position with the District during OCR's investigation.
[5] http://www.baraboo.k12.wi.us/district/board_policies.cfm

Page 7 – Dr. Mueller
OCR Case No. 05-17-1360

School Board Policy 411-Rule: *Student Discrimination Complaint Procedures* states that the District does not discriminate against students on the basis of various categories, including sex, in its educational programs or activities. Board Policy 411-Rule encourages informal resolution of complaints, but provides that any person who believes the "[District] or any part of the organization" has in some way discriminated against a student on any of the protected bases, may bring or send a complaint to the Director of Student Services or his/her designee. The complaint procedures contained in Board Policy 411-Rule directs the complainant to prepare and sign a written statement and present it to the Director of Student Services. The Director of Student Services shall acknowledge receipt of the complaint in writing within ten (10) business days, and the District will issue a written determination within fifteen (15) business days, unless the parties agree to an extension. The written determination is to include notice of the right to appeal to the State Superintendent within thirty (30) days of the District's decision. The procedures also state that discrimination complaints may also be filed with OCR and provides the relevant contact information.

Board Policy 411 and 411-Rule do not clearly indicate the policies apply to complaints alleging discrimination carried out by other students, employees or third parties. Policy 411-Rule is silent as to how the complaint is investigated, whether the investigation will be conducted by an impartial investigator, whether both the complainant and the respondent have the opportunity to present witnesses and other evidence, and whether both parties will be notified of the outcome of the complaint. The policy and procedures do not include an assurance that the District will take steps to prevent recurrence of sex discrimination found to have occurred and to remedy its discriminatory effects, as appropriate.

School Board Policy 512: *Harassment and Bullying* states that "harassment of employees and other members of the school community for any reason has no place" and that "harassment on the basis of a protected characteristic is illegal and is prohibited by state and federal law." Board Policy 512 states that the District "prohibits any actions or words which can be construed as sexual or other harassment, and considers such actions or words to be a violation of the District's Equal Employment Opportunity Policy, Harassment and Bullying Policy, Sexual Harassment Policy, and/or work rules [District policies]." Board Policy 512 states that violations of the policy will be investigated in a responsible and timely manner, and identifies possible consequences for employees, board members, students, and volunteers. School Board Policy 512 defines harassment as persistent, unwelcome, unwanted and deliberate conduct directed toward an individual, and states that conduct directed towards an individual because of a protected characteristic may be unlawful discrimination and provides examples of prohibited conduct. Further, the policy states that any employee, volunteer or board member who becomes aware of or witnesses harassment has an obligation to report it to the appropriate authority under the policy.

School Board Policy 512.1: *Sexual Harassment* defines sexual harassment as "behavior which is not welcome, which is personally offensive, which debilitates morale and which therefore interferes with the working or learning effectiveness of its victims and their peers." Board Policy 512.1 prohibits sexual harassment when it results in discrimination against an employee or

Page 8 – Dr. Mueller
OCR Case No. 05-17-1360

student on the basis of conduct not related to their working or learning performance. The policy states that sexual harassment includes "all actions described in applicable state and federal laws, and may include actions such as: sex-oriented verbal 'kidding' or abuse; subtle pressure for sexual activity; sexual contact as defined by [unidentified] statutes; demands for sexual favors, accompanied by implied or overt promises of preferential treatment or threats concerning an individual's employment or academic status." The policy acknowledges that sexual harassment may occur at various levels, including among peers or coworkers, between supervisors and subordinates, between employees and students, or by third parties." Board Policy 512.1 states that any person who believes he or she has been subject to sexual harassment in violation of the policy may file a complaint with the District Administrator or with the complaint officer designated by the District Administrator. The policy further states that all sexual harassment complaints will be promptly and thoroughly investigated and appropriate action will be taken and prohibits retaliation against anyone who files a complaint under this policy or assists in the investigation of such complaint.

Board Policy 512.1 does not provide the contact information for the District Administrator with whom an individual may file a complaint, or identify the District's Title IX Coordinator by name or title. The policy is silent as to how the complaint will be investigated, whether both the complainant and respondent have the opportunity to present witnesses and other evidence, designated timeframes for major stages of the investigation, and if notice will be provided to both parties of the outcome of the complaint. The policy does not include an assurance that the District will take steps to prevent recurrence of sex discrimination found to have occurred and to remedy its discriminatory effects, as appropriate.

## Facts



During the ▓(b)(6),(b)(7)(C)▓ school year, Student A and Student B were ▓(b)(6),(b)(7)(C)▓ students in the same classroom at the District's ▓(b)(6),(b)(7)(C)▓ (School).

On ▓(b)(6),(b)(7)(C)▓ the School's ▓(b)(6),(b)(7)(C)▓ (Counselor) contacted the Complainant and informed her that Student A had been involved in ▓(b)(6),(b)(7)(C)▓ occasions with Student B that day. Earlier in the day, Student A reported to his ▓(b)(6),(b)(7)(C)▓ (Teacher A) that Student B ▓(b)(6),(b)(7)(C)▓ Towards the end of the day, while the students were preparing to leave, Student B began ▓(b)(6),(b)(7)(C)▓ Student A, during which he ▓(b)(6),(b)(7)(C)▓

After the ▓(b)(6),(b)(7)(C)▓ the Counselor met with Student A and discussed a safety plan. The Counselor counseled Student A that he should go near the teacher if Student B tried to engage with him and should ask Student B to stop if he tried to come near him. The Counselor said he then met with Student B. The Counselor told Student B ▓(b)(6),(b)(7)(C)▓
▓(b)(6),(b)(7)(C)▓

Page 9 – Dr. Mueller
OCR Case No. 05-17-1360

(b)(6),(b)(7)(C)

(b)(6),(b)(7)(C)

After this meeting, the Complainant (b)(6),(b)(7)(C)

According to the District, on around (b)(6),(b)(7)(C) District staff discussed the incidents
involving the students and determined that Student B (b)(6),(b)(7)(C)
Student B was placed with a (b)(6),(b)(7)(C)

Student A did not attend school from (b)(6),(b)(7)(C) and when he returned the
following week, Student B had been (b)(6),(b)(7)(C) Student B also was assigned a
(b)(6),(b)(7)(C)

In addition, although the District asserts that it did not receive from the Complainant a formal
written or verbal complaint of discrimination based on sex,[8] the District Administrator requested
that the Title IX Coordinator review the incidents because of the Counselor's report of the

---

[6] According to the Complainant, the District (b)(6),(b)(7)(C)
(b)(6),(b)(7)(C)
(b)(6),(b)(7)(C)

The Complainant indicated to OCR that she had filed a complaint with the District. However, OCR found that the
evidence was insufficient to establish that the Complainant filed a formal complaint under the District's complaint
procedures.

Page 10 – Dr. Mueller
OCR Case No. 05-17-1360

incidents. The Title IX Coordinator began an "internal" review on or around (b)(6),(b)(7)(C)

(b)(6),(b)(7)(C)

(b)(6),(b)(7)(C)

(b)(6),(b)(7)(C)

(b)(6),(b)(7)(C)

Page 11 – Dr. Mueller
OCR Case No. 05-17-1360

Student B is currently attending school in the District with additional support services and monitoring.

**Conclusion**

In accordance with Section 302 of the CPM, a complaint may be resolved at any time when, prior to the conclusion of an investigation, the recipient expresses an interest in resolving the complaint and OCR determines it is appropriate to resolve the complaint with an agreement. Prior to the conclusion of OCR's investigation, the District expressed interest in resolving the complaint under Section 302. OCR determined that a resolution agreement with the District is appropriate under the circumstances present in this case.

The Resolution Agreement addresses the Title IX compliance concerns OCR found during its investigation to date relating to the District's policies and procedures, training for its Title IX Coordinator, record keeping, and response to reported incidents of potential sexual harassment. The Resolution Agreement requires the District to conduct a comprehensive review of its policies and procedures related to Title IX, ensure its Title IX Coordinator has sufficient qualifications, resources and training, provide notice that past and current incidents of possible harassment based on sex may be reported and will be investigated, and develop a record keeping system.

The enclosed Resolution Agreement, when fully implemented, will address the issue raised in the complaint. The provisions of the Resolution Agreement are aligned with the allegation in the complaint and the information obtained during OCR's investigation to date, and are consistent with the applicable regulations. OCR will monitor the implementation of the Resolution Agreement until the District is in compliance with the Title IX regulation at issue in this case.

The letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.

Please be advised that the District may not harass, coerce, intimidate, or discriminate against any individual because he or she has filed a complaint or participated in the complaint resolution process. If this happens, the Complainant may file another complaint alleging such treatment.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be expected to constitute an unwarranted invasion of privacy.

The Complainant may file a private suit in Federal court, whether or not OCR finds a violation.

Page 12 – Dr. Mueller
OCR Case No. 05-17-1360

OCR would like to thank the District, as well as Ms. Lori Lubinsky, the attorney for the District, for the cooperation and courtesy extended to OCR during our investigation. We look forward to working with you during the monitoring of the Resolution Agreement.

If you have any questions regarding this letter, please contact Ms. Catherine Martin, Equal Opportunity Specialist, of my staff at 312-730-1592, or catherine.martin@ed.gov.

Sincerely,

(b)(6)

Dawn R. Matthias
Team Leader

cc: (b)(6)

Enclosure

**Resolution Agreement**
**Baraboo School District OCR**
**Case No. 05-17-1360**

The Baraboo School District (District) enters into this Resolution Agreement, as set forth below, with the U.S. Department of Education, Office for Civil Rights (OCR), to resolve OCR Case No. 05-17-1360. This agreement does not constitute an admission of liability, non-compliance, or wrongdoing by the District. The District assures the OCR that it will take the following actions to comply with the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (Title IX), and its implementing regulations at 34 C.F.R. Part 106, which prohibit discrimination based upon sex in any education program or activity operated by a recipient of Federal financial assistance from the Department of Education.

## General Principles

The District will take the steps outlined below, and any other steps necessary as circumstances warrant, to ensure that students enrolled in the District are not subjected to a hostile environment on the basis of sex. The District will promptly investigate all incidents of harassment of students on the basis of sex of which it has notice, and take appropriate disciplinary action against any individual(s) engaging in harassing behavior. The District also will take appropriate responsive action to end the harassment and any hostile environment that has been created, prevent its recurrence, and, where appropriate, take steps to remedy the effects of any hostile environment on affected students, including a series of escalating consequences if necessary. The District will also take steps necessary to ensure that no individual is subjected to retaliation for reporting harassment or participating in a harassment investigation.

## DEMONSTRATION OF COMPLIANCE

### Nondiscrimination Notice

1. By April 30, 2018, the District will provide to OCR for review and approval a revised notice to all District students, parents, administrators, staff, applicants for employment, and sources of referral of applicants for employment with the District that will be widely distributed, including sending it by email to District parents, administrators, and staff, printed in the District's newsletter, posted in prominent locations throughout the District, and published on the District's website, stating that the District does not discriminate on the basis of sex in its educational programs or activities or tolerate harassment of students based on sex. The notice will include a statement that the District is required by Title IX not to discriminate in such a manner. The notice will also include the name or title, office address, telephone number and email address of the Title IX Coordinator and state that any questions regarding Title IX may be referred to the District's Title IX Coordinator or to OCR.

**REPORTING REQUIREMENT:** By April 30, 2018, the District will provide OCR with the proposed Nondiscrimination Notice for review and approval. Within 30 calendar days of receipt of notice of OCR's approval, the District will submit to OCR documentation that the notice referenced in this item has been widely published, including a copy of the email sent to all

students, parents, administrators and staff, relevant pages of the District's website, and documentation of the postings at the District.

## Title IX Coordinator

2. By September 1, 2018, the District will ensure that its Title IX Coordinator has sufficient qualifications and resources to fulfill all responsibilities specified in this Agreement, including providing appropriate training as needed to the Title IX Coordinator. Specifically, the District will ensure that the Title IX Coordinator:

   a) Has knowledge of: the substantive requirements of Title IX and its implementing regulations applicable to elementary and secondary schools, the District's Title IX grievance procedure(s), what conduct constitutes sexual harassment, and how to analyze and document the available evidence to support reliable decisions, objectively evaluate the credibility of parties and witnesses, synthesize all available evidence, and take into account the unique and complex circumstances of each case under Title IX;

   b) Oversees the District's prompt and equitable response to incidents of possible sexual harassment of which it has notice, verbal reports, and written complaints made directly to the Title IX Coordinator or any other District personnel responsible for receiving reports of sex discrimination, including sexual harassment, from any individual, including but not limited to students, employees, and third parties;

   c) Does not have other job responsibilities that create a conflict of interest with regard to his/her duties and responsibilities under Title IX;

   d) Has access to all District records regarding reports of potential sexual harassment, including any records by law enforcement or the police/school liaison officer;

   e) Implements the District's policies and procedures prohibiting all forms of sexual harassment and assesses the overall efficacy of prevention, coordination, and response by the District to sexual harassment;

   f) Identifies and addresses patterns or systemic problems under Title IX;

   g) Ensures that all individuals who report incidents or possible sexual harassment are advised of:

      (1) The option to pursue a complaint investigation pursuant to the District's grievance procedure;
      (2) The right to file a criminal complaint or make a report to the Sauk County Department of Human Services, in addition to a District Title IX complaint, and that they may pursue such complaints simultaneously with the District complaint;
      (3) The limitations of confidentiality on the District's ability to respond;
      (4) The availability of appropriate, individualized remedies (including interim measures, as necessary); and

(5) The prohibition of retaliation for persons who report sexual harassment, file a complaint, or otherwise participate in an investigation.

**REPROTING REQUIREMENT**: By September 15, 2018, the District will submit to OCR the name and credentials of the Title IX Coordinator, including a description of the training that individual has received to carry out his or her duties and responsibilities under Title IX and this item.

## Review and Revision of Title IX Policies, Procedures, and Practices

3. By June 30, 2018, the District will review and revise, as necessary, the District's School Board Policies 411, 411-Rule, 511, 511-Rule, 512, 512.1 and any other policies, procedures and practices to ensure they are clear and consistent, and adequately address and provide for the prompt and effective response to notice of possible harassment based on sex that creates a hostile environment, and the prompt and equitable resolution of complaints alleging such harassment. The District also will review and revise, as necessary, its grievance procedures to ensure that it provides prompt and equitable resolution of complaints alleging any action prohibited by Title IX. At a minimum, the District will ensure that its policies, procedures, and practices will provide the following:

a) A statement setting forth the District's commitment to having a school environment free from all forms of harassment based on sex, which will: explain that the District prohibits harassment based on sex in the school environment, including all academic, extracurricular and school-sponsored activities, or, if initially occurring off District grounds or outside the District education program or activity, affecting the District environment, encourage parents and students to immediately report incidents of harassment to District staff, emphasize that staff are required to promptly report incidents of harassment to the Title IX Coordinator, and specify that the District will investigate formal and informal complaints of harassment in an impartial manner by an impartial decision-maker;

b) A definition of harassment based on sex, including age-appropriate examples of conduct that constitutes harassment based on sex;

c) Identification of the kinds of activities and sites where prohibited conduct could occur;

d) A statement that the procedures apply to complaints alleging discrimination based on sex carried out by other students, employees or third parties;

e) An explanation of how to report harassment and/or where to file a complaint, formally or informally (if applicable);

f) A description of the District's formal and informal (if applicable) complaint procedures, including a Complaint Form, timeframes for the District's investigation of a complaint and the process for extending deadlines, the opportunity for both the complainant and the respondent to present witnesses and other evidence, and a requirement that written notice

of the outcome be provided to the parties for both formal and informal complaints, including an appeal, if any;

g) Specific information as to the name or title and contact information (including office address, e-mail address, and telephone number) for the Title IX coordinator and District employee(s) responsible for receiving the Complaint Form and/or investigating reports of harassment;

h) A requirement that the designated District employee(s) document all reports of incidents of harassment and that the District establish a protocol for recordkeeping;

i) A recommendation that District staff members who observe acts of harassment based on sex intervene to stop the harassment, unless circumstances would make such intervention dangerous;

j) Prohibition of retaliation against persons who report harassment or participate in related proceedings;

k) A statement that the District will take appropriate disciplinary action against students, staff and third parties who violate the District policies and procedures addressing harassment based on sex, and examples of the range of possible disciplinary sanctions;

l) A statement that the District will offer counseling services and other appropriate services to any person found to have been subjected to or to have engaged in harassment on the basis of sex;

m) Identification of means the District will use to investigate incidents of harassment, including but not limited to the following:

  i. the various steps the District will take to conduct adequate, reliable, and impartial investigations of reported incidents, including the opportunity to present witnesses and other evidence and the District's standards for determining whether a hostile environment exists;
  ii. an assurance that the District will take action to stop the harassment, prevent its recurrence, and remedy its discriminatory effects on the complainant and others, if appropriate.

**REPORTING REQUIREMENT**: By June 30, 2018, the District will submit to OCR for review and approval its revised policies, procedures and practices referenced in item #3.

4. *Adoption by Board*: Within 30 calendar days of receipt of notice of OCR's approval of the policies, procedures and practices referenced in item #3, the District will submit the revised polices to the Board of Education for adoption including any changes deemed necessary. Within 15 days after the Board's adoption of the revised policies referenced in item #3, the District will adopt, implement and publish the revised policies, procedures and practices.

Publication will include written notice of the policies, procedures and practices, including its formal and informal (if applicable) complaint procedures, to the District community, including students, parents, administrators, staff, and applicants for employment. The District will make this notification available through the District's website and student, parent and employee handbooks, as well as by any other additional means of notification the District deems effective to ensure that the information is widely disseminated. Parents will be notified that the Title IX coordinator is available to respond to any questions about the revised policies and procedures.

**REPORTING REQUIREMENT**: Within 30 days after the completion of this item, the District will provide OCR with documentation that it has completed this item, including copies of the written notices to students, administrators, and staff regarding the revised policies and procedures and a description of how the notices were distributed, copies of its handbooks, a link to its webpage where the revised policies and procedures are located, and documentation of any other additional means of notification used by the District.

5. Staff Training: Within 60 calendar days after approval of the policies referenced in item #3, and by September 15 each year thereafter, the District will provide all administrators, faculty, and staff with effective training on the requirements of Title IX and the District's revised harassment policies and procedures. The training will include the following components, at a minimum:

a) The District will remind all personnel of its commitment to having a District environment free from harassment, and will explain what they should do if they believe students have been subjected to harassment, including their duty to immediately report all allegations of possible sexual harassment. The training also will include a warning that harassment of students based on sex will not be tolerated and employees who harass students based on sex will be disciplined up to and including termination.

b) The District will provide a general overview of Title IX, including how the law's nondiscrimination provisions apply to students, the name(s) and contact information for the designated employee(s) to whom students or others may report allegations of harassment, where to locate the District's harassment policies and procedures on the District's website, and the existence of OCR and its authority to enforce Title IX.

c) The District will explain its Title IX policies and procedures, including what constitutes sexual harassment, the role of the Title IX Coordinator, and disciplinary sanctions related to findings of violations of the District's harassment policies and procedures, including the District policy prohibiting retaliation and intimidation.

d) The District will distribute written materials that contain the information discussed.

**REPORTING REQUIREMENT**: Within 30 calendar days after training is conducted in 2018, and by September 15, 2019, the District will provide OCR with documentation that it has provided the training referenced in this item, including the dates of the training, the name

6 - Page OCR #05-17-1360 Resolution Agreement

and title of the trainer(s), a copy of any materials used or distributed during the training, and a list of District employees who attended the training.

6. Student Training: By October 1, 2018 and each year thereafter, the District will provide a mandatory age-appropriate training for all students on the District 's policies and will effectively communicate the District's Title IX policies, procedures and practices referenced in this Agreement.

   **REPORTING REQUIREMENT**: By October 1, 2018 and October 1, 2019, the District will provide OCR with documentation that it has provided student training referenced in this item, including the date of the orientation session(s), the name(s) and title(s) of the presenter(s), a copy of any materials used or distributed during the session(s), and an assurance that the training was provided to all applicable District students.

## Steps to Ensure a Current Hostile-free Environment

7. Within 60 days of signing this agreement, the District will publish a notice on its website that any individual may report past and current incidents of possible harassment based on sex (which will include a mechanism for anonymous reporting), that created or may have created a hostile environment. The District will take prompt and effective responsive action reasonably calculated to end any possible harassment based on sex, prevent its recurrence, eliminate any hostile environment that has been created, and, where appropriate, take steps to remedy the effects for any students subjected to the hostile environment, including but not limited to, offering counseling and/or psychological support, as deemed necessary by the District.

   **REPORTING REQUIREMENT**: By June 30, 2018, the District will provide OCR with documentation verifying that it published the above-referenced notice and a list of reports received in response to the notice, which will include the date the report was made, the date of the alleged harassment (if known), and an explanation of steps taken to remedy any identified sexually hostile environment.

## Record Keeping / Maintenance of records

8. By September 1, 2018, the District will develop a record-keeping system that adequately documents all reports of possible sexual harassment, including incidents of student misconduct that may constitute sexual harassment, as well as policy that requires preservation of documentation related to the District's responses to and investigations of reports and complaints of sex discrimination, including sexual harassment. At a minimum the District's record-keeping system should include:

   a) A system for tracking electronically all incident of sexual harassment or potential sexual harassment in student disciplinary records that includes relevant information related to the incident, the person reporting the incident, the alleged harasser, the alleged person subject to the harassment, all potential witnesses of the harassment, the

date/time/nature/location of the incident, and the date the District became aware of the incident;

b) A copy of all written reports, and a narrative of all verbal reports, of incidents involving allegations that could reasonably be construed as possible sexual harassment;

c) A narrative description of all actions taken by District personnel in response to the report;

d) A copy of any written documentation sent to or received in relation to the report, including but not limited to interview notes, witness statements, correspondence between the harassed and harasser, and correspondence between the District and the harassed/harasser;

e) A copy of all disciplinary sanctions issued to students or employees for violations of the policies and procedures prohibiting sexual harassment;

f) A copy of all written determinations or a description of all verbal notifications of determinations provided to the parties, with the date of each notification;

g) A detailed description of any interim measures offered to complainants and/or respondents pending the completion of an investigation, including the parties response to the interim measures offered;

h) Where sexual harassment is found to have occurred, documentation fully detailing all the steps, individual and systemic, the District took to end the sexual harassment, prevent its recurrence, eliminate any hostile environment, and remedy its discriminatory effects on the complainant and any others, as appropriate.

**REPORTING REQUIREMENT**: By September 1, 2018, the District will provide OCR with a detailed description of its proposed record-keeping system and policy. By December 31, 2018, and on that date annually thereafter until OCR closes monitoring of this resolution agreement, the District will provide OCR a copy of all records related to all reports of sexual harassment the District received during the just completed academic year.

## IMPLEMENTATION AND ENFORCEMENT OF THIS AGREEMENT

The District understands that by signing this Agreement, it agrees to provide the foregoing information in a timely manner in accordance with the reporting requirements of this Agreement. Further, the District understands that during the monitoring of this Agreement, if necessary, OCR may visit the District, interview staff and students, and request such additional reports or data as are necessary for OCR to determine whether the District has fulfilled the terms of this Agreement and is in compliance with Title IX and its implementing regulation at 34 C.F.R. § 106.31. Upon completion of the obligations under this Agreement, OCR shall close and dismiss this case.

8 - Page · O C R  #05-17-1360   R e s o l u t i o n  A g r e e m e n t

The District understands and acknowledges that OCR may initiate administrative enforcement or judicial proceedings to enforce the specific terms and obligations of this Agreement. Before initiating administrative enforcement (34 C.F.R. §§ 100.9, 100.10), or judicial proceedings to enforce this Agreement, OCR shall give the District written notice of the alleged breach and sixty (60) calendar days to cure the alleged breach.

This Agreement will become effective immediately upon the signature of the District's representative below:


_Lori M. Mueller_                       _02 - 16 - 18_
Baraboo School District Administrator        Date