**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BUZZFEED INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-1535 (CRC) |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant United States Department of Education ("Department"), by and through undersigned counsel, respectfully moves the Court to enter summary judgment in its favor in this action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") because there is no genuine issue as to any material fact, and the Department is entitled to judgment as a matter of law. In support of this motion, the Department respectfully refers the Court to the accompanying Memorandum of

[Remainder of page intentionally left blank.]

Points and Authorities, Statement of Material Facts, and Declarations of Kristine Minami, Lauren E.M. Skerrett, Robert Carey, and David R. Sumners.

Dated: February 13, 2019

                                      Respectfully submitted,

                                      JESSIE K. LIU, D.C. Bar # 472845
                                      United States Attorney

                                      DANIEL F. VAN HORN, D.C. Bar # 924092
                                      Chief, Civil Division

By: */s/ Melanie D. Hendry*
       Melanie D. Hendry
       Assistant United States Attorney
       555 Fourth Street, N.W.
       Washington, D.C. 20530
       (202) 252-2510
       melanie.hendry2@usdoj.gov

OF COUNSEL:

Karen L. Mayo-Tall
Attorney
U.S. Department of Education
Office of the General Counsel

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BUZZFEED INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1535 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case arises under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), and pertains to two FOIA requests submitted by Plaintiff, Buzzfeed, Inc. ("Plaintiff"), to Defendant the United States Department of Education (the "Department") seeking records related to Title IX investigations[1] of multiple schools/school districts. Specifically, in December 2017, Plaintiff requested:

> a copy of letters sent to the following schools between the time period of Oct. 15, 2017 and Nov. 30, 2017 regarding the end, resolution, or conclusion of Title IX investigations of their schools: Imagine Prepatory [sic] School in Arizona; Adams County School District 12 in Colorado; East St[.] Louis School District 189 in Illinois; Paducah Area Technology Center in Kentucky; Paducah Public Schools in Kentucky; Charlotte Mecklenburg Schools in North Carolina.

---

[1] Title IX of the Education Amendments of 1972 prohibits discrimination based on sex in education programs and activities that receive federal financial assistance. *See* 20 U.S.C. §1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]").

*See* Complaint, Ex. A (Dkt. No. 1-1).

In March 2018, Plaintiff requested:

> [C]opies of all letters sent to the schools/school districts listed below regarding the end or conclusion of Title IX investigations at their institutions. Please limit the search to letters sent between Feb. 1, 2018 and March 10, 2018:
>
> Massachusetts College of Pharmacy & Health Science in Massachusetts;
> Guildford College in North Carolina;
> Union County in North Carolina;
> University of Nevada-Las Vegas in Nevada;
> Granite School District in Utah;
> University of Richmond in Virginia;
> Baraboo in Wisconsin;
> Laramie County Community College in Wyoming.

*See* Complaint, Ex. B (Dkt. No. 1-2).

As detailed in the accompanying declarations of the Department employees who processed the subject FOIA requests, the Department performed a search which was reasonably calculated to locate responsive records. Declaration of Kristine Minami ("Minami Decl.") ¶¶ 11, 13-14, 16-22; Declaration of Lauren E.M. Skerrett ("Skerrett Decl.") ¶¶ 11-15; Declaration of Robert Carey ("Carey Decl.") ¶¶ 7-11; Declaration of David R. Sumners ("Sumners Decl.") ¶¶ 5-7. After careful review of the responsive records located during that search, the Department determined that they contain material that is exempt from disclosure pursuant to FOIA Exemptions 6, 7(A), and 7(C). Minami Decl. ¶¶ 23-25; Skerrett Decl. ¶¶ 20, 23; Carey Decl. ¶ 12; Sumners Decl. ¶ 8. Thus, as demonstrated below, in the accompanying Statement of Material Facts Not in Genuine Dispute, and the accompanying declarations, there is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural background is fully set forth in Defendant's Statement of Material Facts and the accompanying declarations (filed contemporaneously with this motion) and incorporated by reference herein.

**LEGAL STANDARDS**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment must demonstrate an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Benjamin v. U.S. Dep't of State*, 178 F. Supp. 3d 1, 3 (D.D.C. 2016), *aff'd*, 2017 WL 160801 (D.C. Cir. Jan. 3, 2017) (quoting *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009)). A defendant is entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. *See, e.g., Weisberg v. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, a defendant may rely on reasonably detailed and non-conclusory declarations. *See, e.g., McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Santana v. Dep't of Justice*, 828 F.

Supp. 2d 204, 208 (D.D.C. 2011); *Allen v. U.S. Secret Serv.*, 335 F. Supp. 2d 95, 97 (D.D.C. 2004).

# ARGUMENT

## I. THE DEPARTMENT CONDUCTED A REASONABLE AND ADEQUATE SEARCH FOR RESPONSIVE RECORDS

Under FOIA, an agency is obligated to conduct a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983); *see also Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."); *Media Research Ctr. v. U.S. Dep't of Justice*, 818 F. Supp. 2d 131, 137 (D.D.C. 2011). A reasonable search is one that covers those locations where responsive records are likely to be located. *Oglesby*, 920 F.2d at 68. To satisfy its obligation, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Id*. An agency is not required to answer questions framed as requests for documents. *See, e.g., Judicial Watch, Inc. v. Dep't of State*, 177 F. Supp. 3d 450, 455-56 (D.D.C. 2016), *aff'd*, Dkt. No. 16-5170 (D.C. Cir. Feb. 24, 2017) (per curiam) ("A question is not a request for records under FOIA and an agency has no duty to answer a question posed as a FOIA request.").

A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see also Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 135 (D.D.C. 2015) ("[T]he agency's search for records need not be exhaustive, but merely reasonable. The proper inquiry is not whether there might exist additional documents possibly responsive to a request, but whether the agency conducted a

4

search reasonably calculated to uncover relevant documents."); *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) ("Perfection is not the standard by which the reasonableness of a FOIA search is measured."). A search is inadequate only if the agency fails to "show, with reasonable detail, that the search method . . . was reasonably calculated to uncover all relevant documents." *Oglesby*, 920 F.2d at 68 (noting that an agency need not search every record system, but only those which it believes are likely to hold responsive records). Accordingly, for a court evaluating an agency's search, the fundamental question is "whether the search for those documents was adequate," not "whether there might exist any other documents responsive to the request." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); *see also Weisberg*, 705 F.2d at 1351 ("[T]he issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate.") (quoting *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982)). The court's inquiry, therefore, should focus on the method of the search, not its results. *See, e.g., Bigwood*, 132 F. Supp. 3d at 135 (explaining that the adequacy of the search is judged by appropriateness of the methods used to carry out the search rather than by fruits of the search); *Boggs v. United States,* 987 F. Supp. 11, 20 (D.D.C. 1997) (noting that the court's role is to determine the reasonableness of the search, "not whether the fruits of the search met plaintiff's aspirations").

The agency bears the burden of demonstrating the adequacy of its search by providing a declaration setting forth the search terms and type of search performed, "and averring that all files likely to contain responsive materials . . . were searched." *Elliott v. Nat'l Archives & Records Admin.*, Civ. A. No. 06-1246 (JDB), 2006 WL 3783409, at *2 (D.D.C. Dec. 21, 2006) (quoting *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003)).

"Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs.*, 926 F.2d at 1200 (internal quotation marks omitted); *West v. Spellings*, 539 F. Supp. 2d 55, 60 (D.D.C. 2008).  Once an agency has met its burden of demonstrating the adequacy of its search, the agency's position can be rebutted "only by showing that the agency's search was not made in good faith." *Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993); *Elliott*, 2006 WL 3783409, at *3 (explaining that to satisfy his evidentiary burden, the plaintiff "must present evidence rebutting the agency's initial showing of a good faith search").  Speculative or hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of an agency's search.  *See, e.g., Lasko v. U.S. Dep't of Justice*, Appeal No. 10-5068, 2010 WL 3521595, at *1 (D.C. Cir. Sept. 3, 2010) (per curiam) (explaining that the adequacy of the search is not undermined by mere speculation that additional documents might exist); *Oglesby*, 920 F.2d at 67 n.13; *Elliott*, 2006 WL 3783409, at *3 (noting that speculative claims about the existence of other documents cannot rebut the presumption of good faith accorded to agency declarations).

Here, the accompanying declarations establish that the Department's search method was reasonably calculated to uncover records in its possession responsive to the subject FOIA requests.  The Department's Office for Civil Rights ("OCR"):

> uses a case management system ("CMS") database in which all OCR investigative cases are logged and various data elements about the cases are maintained.  The CMS database is linked to a document management system ("DM") database, which houses case-related documents[.]  The CMS allows a user to retrieve case information by data elements such as case docket number, recipient (school) name, state, institution type and dates (i.e., date the case was opened and resolved), etc.  The user inputs search criteria to retrieve cases that meet that criteria.  Once a case is

6

> found through a search of the CMS, the database allows the user to retrieve case-related documents from the DM.

Minami Decl. ¶ 11.  To locate responsive records, the Department searched CMS using, *inter alia*, "(1) the name of the recipient as specified in the request . . .; (2) the state of the recipient; (3) the resolution date for the case, restricted to the date range specified in the request . . .; and (4) the statute at issue in the case, Title IX."  Minami Decl. ¶ 13; Skerrett Decl. ¶¶ 12-14; Carey Decl. ¶¶ 8-9; Sumners Decl. ¶ 6.  Responsive documents were then retrieved from the DM and/or from the OCR team responsible for the investigation.  Minami Decl. ¶ 14; Skerrett Decl. ¶¶ 16, 18; Carey Decl. ¶ 10; Sumners Decl. ¶ 4.

## II.  THE DEPARTMENT INVOKED FOIA EXEMPTIONS 6 AND 7

FOIA does not allow the public to have unfettered access to government files. *McCutchen v. U.S. Dep't of Health & Human Servs.*, 30 F.3d 183, 184 (D.C. Cir. 1994).  Although disclosure is the dominant objective of FOIA, there are several exemptions to the statute's disclosure requirements.  *Dep't of Def. v. FLRA*, 510 U.S. 487, 494 (1994).  FOIA requires that an agency release all records responsive to a properly submitted request unless such records are protected from disclosure by one or more of the Act's nine exemptions.  5 U.S.C. § 552(b); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989).  To protect materials from disclosure, the agency must show that they come within one of the FOIA exemptions.  *Public Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904 (D.C. Cir. 1999).  "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007).

### A.  The Department's Exemption 7(A) Withholdings

Exemption 7(A) "exempts from disclosure 'records or information compiled for law enforcement purposes . . . to the extent that the production of [the] records or information . . .

7

could reasonably be expected to interfere with enforcement proceedings." *Citizens for Responsibility & Ethics in Wash. v. DOJ*, 746 F.3d 1082, 1096 (D.C. Cir. 2014) ("CREW") (quoting 5 U.S.C. § 552(b)(7)(A)). As Sumners explains, the Department has relied upon Exemption 7(A) to withhold portions of the records pertaining to four institutions (Imagine Prep School, Stargate Academy, Granite School District, and Laramie County Community College) Sumners notes concern investigations of "highly sensitive matter[s] of sexual assault involving minors." Sumners Decl. ¶¶ 6, 8.

### B. The Department's Exemption 6 and 7(C) Withholdings

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is broadly construed and includes "[g]overnment records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999) ("The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."); *Govt. Accountability Project v. U.S. Dep't of State*, 699 F. Supp. 2d 97, 105-06 (D.D.C. 2010).

Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information … could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

In assessing the applicability of Exemptions 6 and 7(C), courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier*, 164 F.3d at 46; *ACLU v. Dep't of Justice*, 655 F.3d 1, 6 (D.C.

8

Cir. 2011) (noting the balance of privacy and public interests when assessing applicability of Exemption 7(C)). "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Lepelletier*, 164 F.3d at 47 (quoting *U.S. Dep't of Def.*, 510 U.S. at 497) (alterations in original); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1492 (D.C. Cir. 1993) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)). "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose." *Beck*, 997 F.2d at 1492.

Upon careful review of the responsive records – which in several instances concern highly sensitive matters related to alleged sexual assaults – the Department applied Exemptions 6 and 7(C) to withhold the following types of information that the Department "deemed personally identifiable information (PII) as it could reasonably be expected to constitute an unwarranted invasion of personal privacy." Minami Decl. ¶¶ 24-25; Skerrett Decl. ¶¶ 20, 23; Carey Decl. ¶ 12; Sumners Decl. ¶ 8:

a. "the date of the incident underlying the complaint" (Minami Decl. ¶ 24);

b. "specific facts and personal information that, taken together, could allow the complainant's identity to be ascertained and consisting mainly of dates associated with the complaint and the complainant's matriculation at the university and information about the complainant's work and program of study" (*id.* ¶ 25);

c. "information relating to the identity of student involved in this case and whose guardians brought the claim to OCR . . ., information relating to the identity of the alleged assailant, information related to other parties involved in the incident and

9

      matters subsequent to and related to the incident, information related to the alleged retaliatory acts of the school district" (Skerrett Decl. ¶¶ 20, 23);

d. "the identity of student involved in this case and who brought the claim to OCR . . . , the identity of the alleged assailant, the date of the alleged incident, the location of the alleged incident, the identity of the Student's school, the alleged ways in which the Student's school retaliated against the Student, the specific program in which the Student was enrolled, the identity of a venue separate from OCR in which the Student filed the same allegations, the date of that separate filing, the case number of that separate filing, and the parties named in that separate filing" (Carey Decl. ¶ 12);

e. "the identity of victim in this case, the identity of the alleged assailant, the date of the alleged incident, the location of the alleged incident, the identity of the students schools, the date of the incidents and certain intimate information relating to the actual events" (Sumners Decl. ¶ 8); and

f. "age of the victim and perpetrator, the identity of victim involved in this case, the identity of the assailant, the date of the alleged incident, the location of the alleged incident, the dates of the incidents, the name of the victim's school (Granite School District only) and certain intimate details of the events" (*id.*).

      The Department also withheld, pursuant to Exemption 6, OCR staff member signatures. Minami Decl. ¶ 24; Carey Decl. ¶ 12.

      Minimal, if any, public interest exists in the withheld information such that the privacy interest (including of individuals alleged to have been the victims of sexual assaults) overwhelmingly outweighs any public interest in the release of such highly sensitive information. Consequently, such information was properly withheld pursuant to FOIA Exemptions 6 and 7(C). *See*, *e.g.*, *Talbot v. U.S. Dep't of State*, Civ. A. No. 17-0588 (CRC),

2018 WL 2739921, at *6 (D.D.C. June 7, 2018) (signatures properly withheld); *Bagwell v. U.S. Dep't of Education*, 183 F. Supp. 3d 109, 128-29 (D.D.C. 2016) (noting that information of victims was properly protected under Exemptions 6 and 7(C)).

### III. THE DEPARTMENT PROPERLY CONCLUDED THAT THERE ARE NO REASONABLY SEGREGABLE PORTIONS OF THE RESPONSIVE RECORDS

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. U.S. Dep't of Air Force,* 566 F.2d 242, 260 (D.C. Cir. 1977). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Justice*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

Here, as the declarants explain, they performed line-by-line reviews of the responsive records to identify any reasonably segregable information that could be released and confirmed that "[w]ith respect to the records that were released in part, all information not exempted from disclosure pursuant to the FOIA as specified above was correctly segregated and non-exempt portions were released." Minami Decl. ¶ 27; Skerrett Decl. ¶ 27; Carey Decl. ¶ 17; Sumners Decl. ¶ 9.

**CONCLUSION**

For all of the reasons set forth above and in the accompanying declarations, the Department respectfully submits that its motion for summary judgment should be granted.

Dated: February 13, 2019

                                        Respectfully submitted,

                                        JESSIE K. LIU, D.C. Bar # 472845
                                        United States Attorney

                                        DANIEL F. VAN HORN, D.C. Bar # 924092
                                        Chief, Civil Division

By: */s/ Melanie D. Hendry*
      Melanie D. Hendry
      Assistant United States Attorney
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      (202) 252-2510
      melanie.hendry2@usdoj.gov

OF COUNSEL:

Karen L. Mayo-Tall
Attorney
U.S. Department of Education
Office of the General Counsel