**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BUZZFEED INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-1535 (CRC) |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In its opposition and cross-motion, Plaintiff: (1) asserts that the Department of Education (the "Department") is not entitled to summary judgment because it has not produced records for five of the schools Plaintiff requested; (2) challenges the Department's withholdings pursuant to Exemption 7(A); and (3) although Plaintiff concedes that certain information in the responsive records is subject to Exemptions 6 and 7(C), Plaintiff speculates that the Department has too aggressively applied those exemptions. For the reasons set forth below and in the Department's initial memorandum and supporting declarations, none of Plaintiff's claims demonstrate that the Department is not entitled to judgment as a matter of law.

## ARGUMENT

### I. NO RESPONSIVE RECORDS ARE MISSING

As explained in the accompanying Declaration of Karen L. Mayo-Tall ("Mayo-Tall Dec."), Plaintiff is correct that the Department mistakenly failed to forward the responsive

documents concerning the University of Nevada Las Vegas, Granite School District, and Laramie County. The Department has now rectified that inadvertent error by producing to Plaintiff 42 pages of responsive records concerning those institutions. *See* Mayo-Tall Dec. ¶ 2. Further, on September 18, 2018, Plaintiff was provided with the links to the Department's website where the responsive records concerning Guilford and Union County could be located. *See* Exh. A. Thus, no responsive records are missing.

## II. THE DEPARTMENT PROPERLY INVOKED THE RELEVANT FOIA EXEMPTIONS[1]

As the Department explained in its initial motion papers and supporting declarations, upon careful review of the responsive records – which in several instances concern highly sensitive matters related to alleged sexual assaults – the Department applied Exemptions 6 and 7(C) to withhold information that the Department "deemed personally identifiable information (PII) as it could reasonably be expected to constitute an unwarranted invasion of personal privacy." Minami Decl. ¶¶ 24-25; Skerrett Decl. ¶¶ 20, 23; Carey Decl. ¶ 12; Sumners Decl. ¶ 8. Although Plaintiff acknowledges that at least some of this material may be properly withheld, Plaintiff speculates that the Department's redactions were too aggressive.

Here, as the declarants explain, they performed line-by-line reviews of the responsive records to identify any reasonably segregable information that could be released and confirmed that "[w]ith respect to the records that were released in part, all information not exempted from disclosure pursuant to the FOIA as specified above was correctly segregated and non-exempt portions were released." Minami Decl. ¶ 27; Skerrett Decl. ¶ 27; Carey Decl. ¶ 17; Sumners

[1] Although the Department previously withheld certain information pursuant to Exemption 7(A), coupled with other applicable exemptions, as Karen Mayo-Tall explains, "upon further review of the documents produced to Plaintiff in connection with the preparation of the Department's opposition and reply, the Department has determined that no 7(A) exemptions apply." *See* Mayo-Tall Dec. ¶ 3. However, "the other exemptions asserted with respect to that material . . . do still apply."). *Id*.

Decl. ¶ 9. Review of the copies of the records that Plaintiff annexed to its motion papers (*see* Dkt. No. 17-2 through 17-7) demonstrates that the Department was both careful and deliberative in redacting the highly sensitive information contained within the responsive records and protecting the privacy interest of the individuals the records pertain to (including minors and other individuals who are alleged to be the victims of sexual assaults). The records further demonstrate that large portions were not redacted. After carefully weighing the minimal public interest in the withheld information and the substantial privacy interests involved, the Department correctly concluded that the privacy interests overwhelmingly outweigh any public interest in the release of such highly sensitive information. Consequently, such information was properly withheld pursuant to FOIA Exemptions 6 and 7(C). *See, e.g.*, *Bagwell v. U.S. Dep't of Education*, 183 F. Supp. 3d 109, 128-29 (D.D.C. 2016) (noting that information of victims was properly protected under Exemptions 6 and 7(C)).

Plaintiff has not demonstrated that the withholdings are in any way improper or that the Court needs to undertake an *in camera* review of the records. For the reasons set forth in its initial motion papers and supporting declarations, the Department appropriately applied Exemptions 6 and 7(C) and released all reasonably segregable non-exempt information.

**CONCLUSION**

For all of the reasons set forth above, in its initial memorandum, and in the supporting declarations, the Department respectfully submits that its motion for summary judgment should be granted.

Dated: May 3, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: */s/ Melanie D. Hendry*
Melanie D. Hendry
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2510
melanie.hendry2@usdoj.gov