# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUZZFEED INC.,** | |
| Plaintiff, | |
| v. | Case No. 18-cv-01535 (CRC) |
| **U.S. DEPARTMENT OF EDUCATION,** | |
| Defendant. | |

## ORDER

Buzzfeed has filed two Freedom of Information Act ("FOIA") requests records regarding Title IX investigations conducted by the Department of Education's ("DOE") Office for Civil Rights ("OCR") in thirteen school districts or individual schools across the country. The DOE has identified and provided responsive records for all but one school, for which the agency could not locate any responsive records. Declaration of Kristine Minami ("Minami Decl."), ECF No. 15-2, ¶ 16. It has redacted the records it has released, some of them heavily. The government asserts that each redaction is supported by either FOIA Exemption 6 or Exemption 7(C). 5 U.S.C. §§ 552(b)(6), (b)(7)(C).[1] The parties have now cross-moved for summary judgment on whether the redactions were justified. In considering the parties' cross-motions, the Court has determined that it must review the documents in question *in camera* before it can determine whether the withholdings were proper. See 5 U.S.C. § 552(a)(4)(B) (authorizing the Court to conduct a review of the agency records *in camera* to determine whether they should be withheld in part or in full under an exemption).

---

[1] The Defendant originally made redactions based on Exemption 7(A) as well, but later retracted its use of this exemption. Declaration of Karen Mayo-Tall ("Mayo-Tall Decl.") ECF No. 21-2, ¶ 3.

Each of the FOIA exemptions the government invokes protects personally identifiable information ("PII").  Exemption 6 covers "personnel and medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552 (b)(6).  Exemption 7(C) covers "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  Id. at § 552(b)(7)(C).  Typically, exemptions 6 and 7(C) are used for PII such as names, addresses, and other sensitive personal information.  See SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

Here, the parties' main dispute is not over names or addresses, but "certain intimate information relating to the actual events," Declaration of David R. Sumners ("Sumners Decl."), ECF No. 15-5, ¶ 8, "matters subsequent to and related to the incident, [and] information related to the alleged retaliatory acts of the school district," Declaration of Lauren E. M. Skerrett ("Skerrett Decl."), ECF No. 15-3, ¶¶ 20, 23.  The government insists that such information constitutes PII because it might allow someone familiar with the situation to determine the identities of the people involved.  In support of this contention, the government has submitted affidavits from the individuals who processed the FOIA requests, see generally Declaration of Robert Carey ("Carey Decl."), ECF No. 15-4; Minami Decl.; Skerrett Decl.; Sumners Decl.; Mayo-Tall Decl, which stated that "[the information] could reasonably be expected to constitute an unwarranted invasion of personal privacy if someone were to identify the complainant by associating him or her with this information," Skerrett Decl. ¶¶ 20, 23; see also Sumners Decl. ¶ 8; Carey Decl. ¶ 12(a).  Buzzfeed concedes that certain information might be used in this way but contends that the bulk of the redacted information is unlikely to result in an unwarranted

invasion of privacy and constitutes an unexplained departure from previous DOE policy.

Complaint ("Compl."), ECF No. 1, ¶¶ 11-12.

Courts have permitted agencies to withhold details about an event where there was a likelihood that a person familiar with the facts could use them to discover a person's identity; however, the circumstances under which this is appropriate are limited in scope.  See Dep't of Air Force v. Rose, 425 U.S. 352, 380–81 (1976) (holding that redacting summaries of disciplinary proceedings may be proper when people familiar with the situation could use them to identify individual cadets); Rosenberg v. United States Dep't of Immigration & Customs Enf't, 13 F. Supp. 3d 92, 107–08 (D.D.C. 2014) (holding that when information about the actions of third parties is likely to allow for their identification, it can be redacted); see also U.S. Dep't of State v. Ray, 502 U.S. 164, 175 (1991); U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749, 769 (1989).  Even when courts have allowed for redaction of details beyond PII like names and addresses, they generally conduct an in camera review to determine that the information is in fact likely to result in an unwarranted invasion of privacy before granting judgment.  See Rose, 425 U.S. at 381; Rosenberg, 13 F. Supp. 3d at 107.

The government has also submitted that the small size of some of the schools and/or school districts providing the records is an additional factor they considered when making the redactions.  Carey Decl. ¶ 12(a); Sumners Decl. ¶ 6.  The size of a community or workplace can tip the scales in favor of redaction; however, cases where this justification have been used in the past applied to very small communities.  See Rosenberg,13 F. Supp. 3d at 107 (finding a factory in rural Iowa with around 1000 employees to be a small community for purposes of determining whether to release redacted information); Alirez v. NLRB, 676 F.2d 423, 428 (10th Cir. 1982) (holding that for an incident involving a group of a dozen coworkers, redacting names and other

traditional PII was insufficient to protect privacy interests).  In FOIA cases, the government has the "onus of proving that the documents are exempt from disclosure."  <u>Bloche v. Dep't of Def.</u>, 370 F. Supp. 3d 40, 50 (D.D.C. 2019).  While the government submitted general statements that certain schools or districts were "small" communities, they provided no specific numbers by which to measure their assertion or evidence that the smallest schools and districts had the heaviest redactions.  Consequently, the Court will also order the DOE to provide supplemental declarations addressing the size of the schools and school districts at issue.

It is entirely possible that the government's redactions are all proper.  However, the Court cannot say at this point whether the redacted information would reasonably be expected to constitute an unwarranted invasion of privacy.  An agency's justification for an exemption is sufficient if it appears "logical" or "plausible," but exemptions still must be narrowly construed. <u>Bloche</u>, 370 F. Supp. 3d at 50.  In this case, the agency has not met its burden of justification, given that the affidavits provided do not, in at least some respects, meet the standard of being "reasonably detailed and non-conclusory."  <u>Id.</u>

For the foregoing reasons, it is hereby

**ORDERED** that, on or before June 20, 2019, the Defendant produce the records at issue in this case for the Court's *in camera* review.  It is further

**ORDERED** that, on or before June 20, 2019, the Defendant submit supplemental declarations addressing the size of the school districts and schools for each redacted record.

**SO ORDERED**.

                                     _____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>June 13, 2019</u>