**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| BUZZFEED INC., |
|        Plaintiff, |
|        v. |
| U.S. DEPARTMENT OF EDUCATION, |
|        Defendant. |

Case No. 18-cv-01535 (CRC)

## OPINION AND ORDER

Title IX of the Education Amendments of 1972 prohibits discrimination based on sex in programs and activities that receive federal funding. See 20 U.S.C. § 1681(a). As part of its responsibility to enforce Title IX, the Department of Education, through its Office of Civil Rights ("OCR"), investigates whether covered school districts are adequately responding to sexual assault complaints by students. When OCR completes an investigation, it sends a "resolution letter" to the relevant school or school district documenting its findings.

The media outlet BuzzFeed lodged two Freedom of Information Act ("FOIA") requests with the Department of Education for resolution letters sent by OCR to fourteen separate schools or districts across the country. BuzzFeed seeks the documents to assess the agency's Title IX enforcement efforts. When the Department failed to release the requested letters within statutory deadlines, BuzzFeed sued. The Department then released the letters in redacted form. Both sides now move for summary judgment. The sole issue raised in the motions is the propriety of the Department's redactions.[1] The agency maintains they are necessary to protect the privacy of

---

[1] The suit originally alleged other FOIA violations, but the Department has produced the three final sets of records that BuzzFeed sought and provided details explaining the lack of responsive documents for the Charlotte-Mecklenburg, North Carolina school district. See Declaration of Karen Mayo-Tall ("Mayo-Tall Decl.") ECF No. 21-2 ¶ 2; Declaration of Kristine

those involved in the investigations. BuzzFeed accepts that some of the redactions are appropriate but complains that others unduly obscure whether OCR is fulfilling its enforcement obligations.

At BuzzFeed's request, the Court has examined the complete, unredacted resolution letters *in camera*. Based on that review, the Court finds that the agency's approach to redacting the letters appears to be inconsistent and that the redactions to two of the letters are significantly overbroad. The Court will not fly-speck particular redactions, however. It will instead deny each side's summary judgment motion without prejudice and remand the requests to the Department for reprocessing in a manner consistent with this ruling. The parties may renew their motions if BuzzFeed believes the re-produced letters are still too-heavily redacted.

\* \* \*

The Court will dispense with reciting the general legal standards governing FOIA litigation, which the parties well know. The Department invokes FOIA Exemptions 6 and 7(C) to justify its redactions. Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) covers "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." <u>Id.</u> § 552(b)(7)(C). If the Court determines that a privacy interest exists under one of the two exemptions, it "must balance 'the privacy interests that would be

---

Minami ("Minami Decl."), ECF No. 15-2, ¶ 16. As BuzzFeed has not contested the adequacy of these productions or the search terms used to attempt to locate records for Charlotte-Mecklenburg, the issue of search adequacy is waived. The agency withdrew its assertion of Exemption 7(A) but maintains that Exemptions 6 and 7(C) cover all redacted information. Mayo-Tall Decl. ¶ 3.

compromised by disclosure against the public interest in release of the requested information.'" King & Spalding LLP v. U.S. Dep't of Health & Human Servs., 330 F. Supp. 3d 477, 497 (D.D.C. 2018) (quoting Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992)).

When an agency invokes both Exemptions 6 and 7(C), courts "focus" on Exemption 7(C) because it "establishes a lower bar for withholding material." Citizens for Responsibility & Ethics in Washington v. Dep't of Justice, 746 F.3d 1082, 1091 n.2 (D.C. Cir. 2014) (internal quotation marks omitted). Because BuzzFeed does not dispute that the records are tied to the Department's law enforcement efforts, the Court has "no need to consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)." Rosenberg v. U.S. Dep't of Immigration & Customs Enf't, 13 F. Supp. 3d 92, 106 (D.D.C. 2014) (citing Roth v. U.S. Dep't of Justice, 642 F.3d 1161, 1173 (D.C. Cir. 2011)).

The privacy interest that Exemption 7(C) protects "encompass[es] the individual's control of information concerning his or her person," U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 763 (1989), including "when, how, and to what extent information about them is communicated to others," id. at 764 n.16. This includes personally identifiable information ("PII"), traditionally consisting of names, addresses, dates of birth, and other specific information reasonably likely to reveal a person's identity. See, e.g., SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991). The interest goes further, too. When "the mosaic effect of disclosure of pieces of information could potentially lead to the identification of the third parties," that information becomes redactable PII as well. Rosenberg, 13 F. Supp. 3d at 106. When Exemption 7(C) is invoked, the agency can "withhold only the specific information to which it applies, not the entire page or document in which the

information appears; any non-exempt information must be segregated and released[.]" Mays v. DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000).

After conducting an *in camera* review of each document and considering each redaction in light of the case law and the circumstances of each school or district, the Court concludes that while some of the redactions are appropriate, others are improperly broad. Many of the redactions protect traditional PII including dates or highly specific details that would allow identification of individuals involved in the underlying events that were investigated. See Rosenberg, 13 F. Supp. 3d at 106; Farese v. U.S. Dep't of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987) (holding that dates of entry into a program, when revealed among other information, could allow for identification of witnesses, thus justifying redaction). For example, the resolution letters to the Imagine Prep School in Arizona and Adams County School District 12 in Colorado, both prepared by an official at OCR Denver, were minimally redacted and appear to appropriately balance the privacy interests of individuals involved (such as the dates of the allegations or other information specific enough to constitute PII) with the public's interest in learning how OCR responded to the discrimination complaint and what its investigation found. See Declaration of David Sumners ¶ 3, ECF No. 15-5; Plaintiff's Statement of Undisputed Facts ("Pl. Facts") Ex. A, ECF No. 17-2; Pl. Facts Ex. B, ECF No. 17-3.

On the other hand, the letters to East St. Louis, Illinois School District 189 and the Baraboo School District in Wisconsin, for example—both redacted by an official in OCR's Chicago office—have pages-long redactions. See Declaration of Lauren Skerrett, ECF No. 15-3, ¶¶ 7, 9; Pl. Facts Ex. C, ECF No. 17-4; Pl. Facts Ex. F, ECF No. 17-7. To the Court's eye, the redactions in these letters conceal significant amounts of information beyond the scope of either Exemptions 6 or 7(C). These redactions hide details too general to allow for identification of

individuals involved (particularly given the relatively large size of the districts), including information about the investigation that is not PII at all.  For example, both letters include redacted discussions of OCR's legal conclusions, as well as general details of how the school districts themselves investigated and responded to the complaints.  If revealed, these details would illuminate OCR's work but would not risk identifying those involved in the underlying incidents.  FOIA protects "threats to privacy interests more palpable than mere possibilities." Dep't of Air Force v. Rose, 425 U.S. 352, 380 n.19 (1976).  The government offers no basis for the Court to conclude that the risk of identification here rises to that level.  Further, because these redactions withhold substantial details about the OCR's Title IX investigations, they undermine "the citizens' right to be informed about what 'their government is up to,'" making the public interest in revealing much of the redacted information high.  Reporters Comm. for Freedom of the Press, 489 U.S. at 773.

The Court appreciates that these resolution letters deal with a sensitive subject and the agency must be careful not to reveal details that would expose the identities of those involved, either directly or indirectly.  By the same token, BuzzFeed (and the public) has a right to examine how OCR is conducting these sensitive investigations.  Exemptions 6 and 7(c) call for careful balancing when redacting information, demanding a scalpel rather than a buzzsaw. While some OCR officials were appropriately careful in their redactions, others were too aggressive.  As a result, the Court will remand the matter to the agency to reprocess the records and narrow the redactions where necessary.

For the foregoing reasons, it is hereby

**ORDERED** that [15] Defendant's Motion for Summary Judgment is DENIED without prejudice.  It is further

**ORDERED** that the [17] Plaintiff's Motion for Summary Judgment is DENIED without prejudice. It is further

**ORDERED** that the case shall be remanded to the Defendant with instructions to reprocess the records in a manner consistent with this Opinion. It is further

**ORDERED** that the Defendant shall produce the reprocessed documents to the Plaintiff on or before September 6, 2019. It is further

**ORDERED** that on or before September 23, 2019, the parties shall file a Joint Status Report, indicating the need for further proceedings in this case and, if necessary, proposing a briefing schedule.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: August 7, 2019